# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GMP AND EMPLOYERS
PENSION FUND, et al.,
    Plaintiffs,

vs.

UNIVERSAL ELECTRIC FOUNDRY, INC.
    Defendant.

Case No. 1:16-cv-1104
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiffs' motion for default judgment (Doc. 7), to which defendant has not responded.

## I. Background

Plaintiffs are an employee benefit plan as defined by § 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3), and a trustee of the plan. (Doc. 1 at ¶ 1). Plaintiffs allege in their complaint that under a collective bargaining agreement ("CBA"), defendant is required to make monthly contributions to the plan on behalf of union employees covered by the CBA. (*See id.* at ¶¶ 9-10; Collective Bargaining Agreement, Exh. 1, Doc. 1-1 at PAGEID#: 22). Plaintiffs allege that defendant breached the CBA by failing to make timely contributions to the plan as required. (Doc. 1 at ¶ 12). Based on this alleged breach, plaintiffs seek the following relief in their complaint:

- judgment in the amount of unpaid contributions found to be owing on the date judgment is rendered;

- interest and liquidated damages;

- attorney's fees and costs; and

- an injunction requiring defendant to remit to the plan on a timely basis "all reports of hours and contributions required by the CBA and by law."

(Doc. 1 at PAGEID#: 4). In addition, plaintiffs request that this Court retain jurisdiction over the case pending defendant's compliance with Court orders. (*Id.*).

The complaint was served on defendant on November 23, 2016 and defendant's answer was due on December 14, 2016. (Doc. 4). However, the record reflects that defendant has failed to respond. On January 10, 2017, plaintiffs filed an application to the Clerk of Court for an entry of default against defendant. (Doc. 5). The Clerk entered default on February 2, 2017. (Doc. 6). Plaintiffs filed the instant motion for default judgment on February 16, 2017. (Doc. 7).

**II. The Motion for Default Judgment**

Under Fed. R. Civ. P. 55(b)(2), a court may enter default judgment against a party whose default has been entered by the Clerk. "Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability." *Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. RMH Concrete & Founds., Inc.*, No. 2:16-cv-721, 2016 WL 7111603, at *2 (S.D. Ohio Dec. 7, 2016) (Report and Recommendation) (Kemp, M.J.) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)), *adopted*, 2017 WL 87056 (S.D. Ohio Jan. 9, 2017) (Watson, J.). "The mere determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment." *Id.* "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). "Although the court may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a decision on the record." *Id.* (citing *Joe*

*Hand Promotions, Inc. v. RPM Mgmt. Co., LLC*, No. 2:11-cv-377, 2011 WL 5389425 (S.D. Ohio Nov. 7, 2011)).

In their motion for default judgment, plaintiffs assert that since the filing of the complaint, defendant has paid the $1,945.80 in past-due contributions owed at the time the complaint was filed. (Doc. 7 at 2). However, plaintiffs contend that the fund is still entitled to $1.60 in interest, $389.16 in liquidated damages, and $2,927.67 in attorney's fees and costs. (*Id.*). In support of these amounts, plaintiffs have submitted an affidavit of their attorney. (Affidavit of Gale S. Finley, Exh. A, Doc. 7-1). In her affidavit, Ms. Finley attests that pursuant to 29 U.S.C. § 1132(g)(2), interest in the amount of $1.60 was calculated at 7.5% of the unpaid contributions of $1,945.80, based on the rate provided by the plan. (*Id.* at ¶ 3). Also pursuant to § 1132(g)(2), liquidated damages of $389.16 were calculated at 20% of the amount of delinquent contributions. (*Id.*). As to attorney's fees and costs, Ms. Finley attests that she has billed to the plan $1,988.75 in attorney's fees and has advanced $473.92 for expenses, $400.00 for filing fees, and $65.00 for costs of service of process. (*Id.* at ¶ 4).

The affidavit is sufficient to allow a decision on the record without an evidentiary hearing. *See RMH Concrete & Founds., Inc.*, 2016 WL 7111603, at *2. Based upon the foregoing, the Court finds that plaintiffs seek a sum certain to which the plan is authorized under the CBA and 29 U.S.C. § 1132(g)(2). Accordingly, plaintiffs should be awarded $1.60 in interest, $389.16 in liquidated damages, and $2,927.67 in attorney's fees and costs.

This leaves only plaintiffs' request for injunctive relief, which they continue to advance in their motion for default judgment. (Doc. 7 at 3-5). Plaintiffs assert that "[h]istorically, Defendant only satisfies its obligations when it believes that legal action is imminent." (*Id.* at 3). Plaintiffs seek injunctive relief because "the Plan should not be required to threaten and/or file

lawsuits to force Defendant to do what it has not only agreed to do, but what Section 515 of ERISA requires it to do." (*Id.* at 5).

This Court has found that "injunctive relief is appropriate where a party's usual remedy for non-payment of money owed, the entry of a money judgment, is inadequate." *Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. Sandusky Bay Constr. Co.*, No. 2:10-cv-787, 2010 WL 4663378, at *1 (S.D. Ohio Nov. 4, 2010) (citing *Orrand v. TNS, Inc.*, No. 2:08-cv-383, 2009 WL 936974 (S.D. Ohio Apr. 1, 2009)). However, "[t]hat showing cannot typically be made in the context of an initial action to collect delinquent contributions." *Id.* Here, although plaintiffs allege that defendant "has a history of failing to timely pay contributions to the Plan," they have not alleged that they have previously filed suit against defendant for failing to make timely contributions to the plan. (Doc. 1 at ¶ 15). The Court's search of the CM/ECF system has also not revealed any prior lawsuits filed against this defendant for failing to make timely contributions to the plan. Thus, the Court concludes that in the absence of "additional evidence that this particular employer is a persistent offender," injunctive relief is not appropriate at this time. *Orrand*, 2009 WL 936974, at *2.

## III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. plaintiffs' motion for default judgment be **GRANTED IN PART**;

2. judgment be **ENTERED** against defendant in the amount of **$3,318.43**, which represents $1.60 in interest, $389.16 in liquidated damages, and $2,927.67 in attorney's fees and costs; and

3. plaintiffs' request for injunctive relief be **DENIED**.

Date: 5/15/17

Karen L. Litkovitz
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GMP AND EMPLOYERS,
PENSION FUND, et al.,
    Plaintiffs,

vs.

UNIVERSAL ELECTRIC FOUNDRY, INC.,
    Defendant.

Case No: 1:16-cv-1104
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).